**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 14-cv-1852-WJM

STEPHANIE YOLANDA SANDOVAL,

     Plaintiff,

v.

CAROLYN W. COLVIN, acting Commissioner of Social Security,

     Defendant.

---

**ORDER VACATING AND REMANDING
DECISION OF THE ADMINISTRATIVE LAW JUDGE**

---

     This matter is before the Court on review of the Commissioner of Social Security's ("Defendant") decision to deny Plaintiff's application for supplemental security income benefits.  Plaintiff Stephanie Yolanda Sandoval ("Plaintiff") filed an Opening Brief (ECF No. 14), Defendant filed a Response (ECF No. 17), and Plaintiff filed a Reply (ECF No. 18).  After reviewing the briefs and administrative record filed with the Court, Defendant's decision to deny Plaintiff's application for supplemental security income benefits is vacated and remanded for further proceedings consistent with this Order.

## I.  BACKGROUND

     Plaintiff was born on January 18, 1968.  (Record ("R.") (ECF No. 9) at 196.)  Plaintiff's medical records indicate she has been diagnosed with several mental and physical conditions, including vertigo, carpal tunnel syndrome, migraine headaches, degenerative disk disease, and depression.  (R. at 491-94, 524, 546, 572.)  Plaintiff

alleges a disability onset date of January 1, 2008.  (*Id*. at 196.)  Plaintiff has past

relevant work as a housekeeper and home health aide.  (*Id*. at 27.)

Plaintiff's application for benefits was initially denied on May 19, 2011 by

Administrative Law Judge Kathryn Burgchardt ("the ALJ").  (*Id*. at 88-101.)  Plaintiff

appealed to the Social Security Appeals Council, which remanded the case for

additional proceedings.  (*Id*. at 107.)  The Appeals Council ordered the ALJ to evaluate

Plaintiff's post-traumatic stress disorder and pain disorder, and to reassess Plaintiff's

Residual Functional Capacity ("RFC").  (*Id*. at 107-109.)  On December 13, 2012, the

ALJ again denied Plaintiff's application for benefits.  (*Id*. at 28.)  The Appeals Council

affirmed on May 15, 2014, which was the final agency action for purposes of the Court's

review.  (*Id*. at 1-3.)

In her December 13, 2012 decision, the ALJ found that Plaintiff was not under a

disability, as defined in the Social Security Act, from the date of her application for

benefits through the date of the decision.  (*Id*. at 28.)  The ALJ made the following

findings of fact and conclusions of law in accordance with the Commissioner's five-step

sequential evaluation process.[1]  At step one, the ALJ found that Plaintiff had not

engaged in any substantial gainful activity since her application date of October 14,

2008.  (*Id*. at 19.)  At step two, the ALJ held that Plaintiff had the following severe

---

[1]   The five-step process requires the ALJ consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.)  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

impairments: degenerative disc disease, carpal tunnel syndrome, chronic pain, and

depression.  (*Id*. at 19.)  At step three, the ALJ held that Plaintiff's impairments do not

meet or equal the severity of the established listing of impairments under the governing

regulations.  (*Id*. at 20.)  The ALJ then analyzed Plaintiff's RFC, concluding that Plaintiff:

> has the [RFC] to perform light work as defined in 20 CFR 416.967(b) with
> the following limitations: claimant can perform simple, unskilled work with
> a specific vocational preparation of one or two; can lift and/or carry ten
> pounds frequently and twenty pounds occasionally; can stand and/or walk
> a total of six hours in an eight-hour workday with normal breaks; can sit for
> a total of six hours in an eight-hour workday with normal breaks; can
> perform pushing and/or pulling with the upper and lower extremities within
> the aforementioned weight restrictions; should avoid vibrations; can
> frequently climb, balance, stoop, crouch, kneel and crawl but can only
> occasionally climb ladders, ropes or scaffolds; can occasionally engage in
> overhead reaching bilaterally; can frequently engage in handling bilaterally
> and should avoid extreme cold.

(*Id*. at 22-23.)  The ALJ then ruled at step four that Plaintiff was unable to perform any

past relevant work.  (*Id*. at 27.)  However, considering the RFC assessment described

above, along with Plaintiff's age, education, and work experience, at step five the ALJ

determined that there are jobs that exist in significant numbers in the national economy

that Plaintiff can perform.  (*Id*.)  Those jobs include call out operator, usher, and

surveillance system monitor.  (*Id*. at 28.)

On July 3, 2014, Plaintiff initiated this action challenging the ALJ's December 13,

2012 denial of benefits, which is now before the Court.  (ECF No. 1.)

## II.  LEGAL STANDARD

The Court reviews the Commissioner's decision to determine whether substantial

evidence in the record as a whole supports the factual findings and whether the correct

legal standards were applied.  *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

3

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id*.  "It requires more than a scintilla, but less than a preponderance."  *Lax*, 489 F.3d at 1084.  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III.  ANALYSIS

Plaintiff makes several arguments on appeal, including that the ALJ failed to review the opinions of two physicians, Dr. Donald Glasco and Dr. Karl Chambers.  (ECF No. 14 at 34.)  Dr. Glasco is a state agency reviewing psychiatrist, and Dr. Chambers is a state agency reviewing physician.  (ECF No. 17 at 5.)

"An ALJ must evaluate every medical opinion in the record."  *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004); *see also* 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."); Social Security Ruling ("SSR") 96-5P, 1996 WL 374183 at *3 (S.S.A. July 2, 1996) ("[O]pinions from any medical source on issues reserved to the Commissioner must never be ignored. The adjudicator is required to evaluate all evidence in the case record that may have a bearing on the determination or decision of disability, including opinions from medical sources about issues reserved to the Commissioner.").  "Medical opinions are

4

statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [claimant's] impairment(s) including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite impairment(s), and [claimant's] physical or mental restrictions."  20 C.F.R. § 404.1527(a)(2).  An ALJ's failure to discuss all of the medical opinions in the record is clear legal error.  *Victory v. Barnhart*, 121 F. App'x 819, 825 (10th Cir. 2005).

Here, Defendant does not dispute that Dr. Glasco's opinion was part of the record in this case, and that "[i]nexplicably, the ALJ's decision makes no mention whatsoever of Dr. [Glasco's] report[] or opinions, and gave no reason for disregarding his opinion."  *Id.*; (ECF No. 17 at 12-13.)  This was error.  Defendant nonetheless argues that Dr. Glasco's findings represented a "temporary inflation of Plaintiff's depression symptoms caused by her carpal tunnel syndrome and cervical problems" that would improve following Plaintiff's April 21, 2009 surgery.  (ECF No. 17 at 13.) Defendant further argues that the ALJ fully explained her assessment of Plaintiff's "paragraph B" impairments, and Dr. Glasco gave no opinion on Plaintiff's mental limitations as they pertained to her RFC.  (*Id.*)

The Court does not agree that the ALJ's failure to discuss Dr. Glasco's opinion constituted a harmless error.  Dr. Glasco opined that Plaintiff had untreated major depressive disorder, along with moderate limitations in restriction of activities of daily living, moderate difficulties maintaining social functioning, and moderate difficulties maintaining concentration, persistence or pace.  (R. at 572-79.)  Dr. Glasco also noted that Plaintiff was assessed a GAF score of 45-50, which indicates "[s]erious symptoms . . . [or] serious impairment in social, occupational, or school functioning, such as inability

5

to keep a job." *Langley v. Barnhart*, 373 F.3d 1116, 1123 n.3 (10th Cir. 2004).[2]

However, the ALJ found that the "evidence revealed at most mild limitation in activities

of daily living and social functioning." (R. at 21.)

The "harmless error analysis . . . may be appropriate to supply a missing

dispositive finding . . . where, based on material the ALJ did at least consider (just not

properly), we could confidently say that no reasonable administrative factfinder,

following the correct analysis, could have resolved the factual matter in any other way."

*Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005). Here, it is not

apparent whether the ALJ considered Dr. Glasco's opinion at all. The Court thus

cannot say that no reasonable factfinder could have resolved the matter differently

given that Dr. Glasco's opinion suggests Plaintiff has social impairments and

restrictions in activities of daily living greater than those contained in the ALJ's

decision.[3] While Defendant argues that Dr. Glasco clearly expressed that Plaintiff's

symptoms were temporary given that Plaintiff's surgery would "markedly improve her

major depression," it is not the Court's function to weigh the evidence. *Oldham v.*

---

[2] It is unclear whether Dr. Glasco assigned Plaintiff this GAF score, or was merely noting a prior GAF score found elsewhere in the record.

[3] Whether or not evidence of Plaintiff's moderate disabilities relates to a "dispositive" finding as referenced in *Fischer-Ross*, the Court notes that "a moderate impairment is not the same as no impairment at all." *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007). Indeed, moderate impairments can impact a claimant's RFC and alter the type of work he or she is able to perform. *See Jaramillo v. Colvin*, 576 F. App'x 870, 876 (10th Cir. 2014) (unpublished) (concluding that a moderate impairment "supports the conclusion that the individual's capacity to perform the activity is impaired . . . and therefore must be related with sufficient precision . . . in an RFC finding.") (citation omitted). Thus, despite Defendant's arguments to the contrary, the moderate limitations included in Dr. Glasco's report merit the ALJ's consideration.

6

*Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) ("To the extent that she is asking this court to reweigh the evidence, we cannot do so. . . . We review only the *sufficiency* of the evidence, not its weight.") (emphasis in original).  Moreover, even though Dr. Glasco gave no opinion on Plaintiff's mental limitations as they pertained to her RFC does not mean that his opinions could be entirely ignored.  Our precedent and the governing regulations are clear that the ALJ must consider every medical opinion in the record. *Victory*, 121 F. App'x at 825.  The Court accordingly concludes that this matter should be remanded for the ALJ to consider Dr. Glasco's opinion.

For similar reasons, the Court concludes that the ALJ should consider Dr. Chambers' opinion.  Dr. Chambers completed an RFC assessment that is consistent with the ALJ's RFC finding.  (*Compare* R. at 22-23, *with id*. at 583-590.)  While opinions on issues that are reserved to the Commissioner, such as a claimant's RFC, may not be considered "medical opinions," they must still be considered by the ALJ.  SSR 96-5P, 1996 WL 374183 at *2 ("Nevertheless, our rules provide that adjudicators must always carefully consider medical source opinions about any issue, including opinions about issues that are reserved to the Commissioner."); *see also Lackey v. Barnhart*, 127 F. App'x 455, 457 (10th Cir. 2005).  The Court acknowledges that the ALJ's failure to discuss Dr. Chambers' opinion is, most likely, a harmless error given the consistency between the ALJ's and Dr. Chambers' RFC findings.  *Fischer-Ross*, 431 F.3d at 733-34.  Nonetheless, having already concluded that the failure to discuss Dr. Glasco's opinion was not harmless error, the Court further concludes that it will not be unduly burdensome for the ALJ to also discuss Dr. Chambers' opinion, which will result in a

fully developed record in this matter.  The Court therefore concludes that the ALJ should consider Dr. Chambers' opinion on remand.

Because the Court vacates and remands based on the ALJ's failure to adequately weigh the aforementioned medical opinions, the Court need not address the other arguments raised by Plaintiff.  *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (where the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal).  The Court expresses no opinion as to Plaintiff's other arguments and neither party should take the Court's silence as tacit approval or disapproval of those arguments.  The Court also does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties and the ALJ to fully consider the evidence and all issues raised anew on remand.  *See Kepler v. Chater*, 68 F.3d 387, 391-92 (10th Cir. 1995) ("We do not dictate any result [by remanding the case].  Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case.") (citation and quotation marks omitted).

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's final decision is VACATED and the case is REMANDED for further proceedings consistent with this Order.

Dated this 14th day of July, 2015.

BY THE COURT:

William J. Martínez
United States District Judge